UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-491-GWU

DIANA L. VANOVER, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Diana Vanover brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Vanover, a 47 year-old former certified nurse's assistant, shirt folder and hotel housekeeper with a "limited" education, suffered from impairments related to a major depressive disorder with anxious features and chronic low back pain secondary to degenerative disc disease with a mild disc bulge at L5-S1. (Tr. 17, 19). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 19). Since the claimant's past work as a shirt folder and hotel housekeeper could still be performed as well as a significant number of other jobs, she could not be considered totally disabled. (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Vanover could return to her past relevant work, the

5

ALJ relied heavily upon the testimony of Vocational Expert Jackie Rogers. The hypothetical question presented to Rogers included an exertional limitation to medium level work along with such non-exertional restrictions as (1) an inability to more than occasionally stoop, crouch or climb ladders, ropes and scaffolds; (2) a need to avoid exposure to concentrated vibration or industrial hazards; and (3) a limitation to simple, one-two-three step entry level work without frequent changes in work routine as well as no requirement for problem-solving, independent planning, setting of goals or more than occasional interaction with the general public. (Tr. 315). In response, Rogers testified that the plaintiff's past shirt folding and hotel housekeeping work could still be performed. (Tr. 315). The witness also identified a significant number of other jobs which could still be performed as well under the terms of the hypothetical question. (Tr. 316). Therefore, assuming that the vocational factors considered by Rogers fairly depicted the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The question was fully consistent with the physical restrictions identified by Dr. David Swan (Tr. 169-177) and Dr. Calixto Hernandez (Tr. 199-207), the non-examining medical reviewers. No treating or examining source, including the staff at the Little Flower Free Clinic (Tr. 117-121, 257-267, 276-277), the staff at Hazard Clinic (Tr. 122-139), and the staff at Appalachian Regional Healthcare (Tr. 165-168, 268-275), reported the existence of more severe physical restrictions than those found by the ALJ. Therefore, substantial evidence supports the administrative decision.

The ALJ also dealt properly with the evidence of record relating to Vanover's mental condition. Psychologist William Rigby examined the plaintiff

6

and diagnosed dysthymia. (Tr. 182). Her Global Assessment of Functioning (GAF) was rated at 62. (Tr. 182). Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). The examiner opined that the claimant would have "fair" ability to respond to the stress and pressures of work activity and this limitation would appear essentially compatible with the somewhat differently-worded limitations of the hypothetical question.

Vanover sought treatment for her mental problems at the Kentucky River Comprehensive Care Center (Tr. 223-256, 278-281). Specific mental restrictions were never identified. Her GAF was rated at 70-80 (Tr. 251) suggesting the existence of only "slight" to "mild" psychological impairment compatible with the hypothetical factors. Thus, this evidence also supports the administrative decision.

Finally, the Court notes that Psychologists Lea Perritt (Tr. 184) and Edward Stodola (Tr. 208), the non-examining medical reviewers, each opined that Vanover's mental problems were not "severe." These opinions provide additional support for the administrative decision.

Vanover argues that the ALJ erred in finding that she could return to her past work as a shirt folder because this position had required her to deal with supervisors and co-workers on a regular basis. However, no mental health source of record indicated that such interactions were precluded. Therefore, the Court must reject the claimant's argument.

Vanover asserts that the vocational expert's testimony supports her claim of total disability. She notes that in response to a later hypothetical question including a number of very severe mental restrictions, no work could be

7

performed. (Tr. 317). However, the ALJ was only required to credit those restrictions he found to be supported by the medical record. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1235 (6th Cir. 1993). The ALJ did not credit these restrictions while the ones included in the first hypothetical question have already been found by the Court to have been supported by substantial evidence. Therefore, the undersigned must reject the claimant's argument.

Vanover also argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Vanover was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. An EKG in September of 2002 was within normal limits. (Tr. 135). A March, 2003 chest x-ray revealed no active disease. (Tr. 162). A July, 2003 x-ray thoracic spine x-ray revealed degenerative changes but no destructive process. (Tr. 165). An MRI of the thoracic spine that month revealed slight anterior compression at D4, D5 and D6 with mild kyphotic deformity but otherwise no abnormalities. (Tr. 167). Treatment records from the Hazard Clinic repeatedly reported that the claimant was neurologically intact. (Tr. 122, 124, 126, 128, 130, 133, 135). Thus, the medical evidence does not

8

appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Vanvover's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___19___ day of July, 2006.

G. WIX UNTHANK
SENIOR JUDGE